UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAYLANN G. OLSON,

        Plaintiff,

v.                               CASE No. 8:06-CV-471-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.
_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's claim of side effects from her medication, it will be reversed, and the matter remanded for further consideration.

I.

---

[1]Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 9).

The plaintiff, who was fifty-one years old at the time of the administrative decision and who has the equivalent of a high school education (Tr. 24, 121), has worked primarily as a waitress and cashier (Tr. 130). She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to diabetes, bronchitis, irritable bowel syndrome, H. pylori, water retention, tendinitis in both arms, numbness on the right side of her right hand, migraines, suicidal thoughts, clinical depression, stomach pains, shortness of breath, and hypertension (Tr. 115). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of irritable bowel syndrome, non-insulin dependent diabetes mellitus, obesity, post-traumatic stress disorder, and depression (Tr. 28). He concluded that these impairments restricted the plaintiff to a limited range of light work involving simple, repetitive, low-stress tasks requiring only occasional decision-making and minimal interaction with supervisors, co-workers and the public (Tr. 31). He also found that the plaintiff can only occasionally balance, stoop, crouch, kneel, and crawl, but can never climb (<u>id</u>.). Based upon the testimony of a vocational expert, the law judge

determined that the plaintiff could return to her past relevant work as a cashier II, fast food worker, informal waitress and cashier/checker (Tr. 32). The plaintiff was therefore found to be not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B). In this case, the plaintiff must also show that she became disabled before her insured status expired on June 30, 2001, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v.

Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

-4-

disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

As indicated, the law judge concluded that the plaintiff suffers from multiple severe impairments that restrict her to a limited range of light work.  Based upon the testimony of a vocational expert, the law judge concluded that these impairments do not preclude the plaintiff from performing past work.  The plaintiff argues that the law judge erred in making this determination.  For the most part, the plaintiff's challenges are not adequately developed, or are persuasively answered by the Commissioner. However, the plaintiff's contentions regarding the side effects of her medications have merit and warrant a remand.

A.  The plaintiff argues that the law judge erred in failing to consider in connection with her ability to work the combined effects of her impairments, including her medication's side effects (Doc. 12, p. 8).  The plaintiff also asserts an argument based solely on the law judge's failure to consider her medication's side effects (<u>id</u>. at p. 9).  These arguments are appropriately considered together.

A law judge must not only consider every impairment, but must consider the combined effect of the impairments. Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985). The law judge's decision shows that he considered various impairments and that he considered the combined effects of the impairments that he thought were present. In other words, the law judge clearly understood, and applied, the requirement that he consider combined effects of the plaintiff's impairments.

However, the law judge did not evaluate the side effects of the plaintiff's medication. The plaintiff testified that her medications cause her to have blurred vision, dizziness, nausea, diarrhea and shortness of breath (Tr. 48). She also testified that previously she had side effects of diarrhea, nausea and lack of energy (Tr. 61). In addition, the plaintiff stated that her "medication messed [her] up where [she'd] sleep all the time," with the result that she got fired from a job (Tr. 64). She testified further that her medications make her sleepy and sick to her stomach (id.). The plaintiff also made those assertions regarding side effects on a form submitted to the Social Security Administration (Tr. 151, 152). The plaintiff's daughter similarly testified that the plaintiff's medications make her nauseous and dizzy (Tr. 71).

There was other evidence in the record regarding side effects from medication.   Thus, Dr. Adam Greenfield, the plaintiff's treating physician, stated that the plaintiff's medication had side effects of "hypoglycemia, drowsiness and weakness" (Tr. 194).   Furthermore, an examining psychologist said that the plaintiff's Elavil "may be in part responsible for her fatigue" (Tr. 227).

While the law judge made a passing reference to the Social Security form setting forth side effects (Tr. 24-25), he did not mention the plaintiff's testimony on that subject.   In all events, the law judge did not evaluate the evidence concerning the side effects of medication.   Moreover, the law judge did not assess in connection with the plaintiff's impairments the side-effect symptoms of which the plaintiff complains.   Consequently, the decision is devoid of any evaluation of the evidence regarding the side effects from the plaintiff's medications.

The law judge is required to "state the weight accorded each item of impairment evidence and the reasons for his decisions" on that evidence. Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).   Importantly, the regulations expressly direct that the "side effects of any medication" be considered.   20 C.F.R. 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

Notably, the Commissioner does not meaningfully respond to the plaintiff's argument on this point.  Rather, he confines his response to a footnote that asserts that the record shows that the plaintiff has not been totally compliant with her medication (Doc. 13, p. 12 n.3).  The fact that the plaintiff does not always take each of her medications as prescribed does not answer her evidence that, when she does take her medicine, she has the side effects she described.  Furthermore, if the law judge wished to discount the plaintiff's evidence on that basis, he needed to articulate such a rationale in his decision.  Consequently, the Commissioner's footnote provides no meaningful answer to the plaintiff's argument that the law judge erred in failing to evaluate the side effects of the plaintiff's medication.  That error, therefore, warrants a remand.

B.  The plaintiff also challenges the law judge's treatment of hypothetical questions asked of the vocational expert (Doc. 12, pp. 8-9).  Thus, the plaintiff contends that the law judge's hypothetical posed to the vocational expert was inaccurate and incomplete because it did not describe all of her impairments.  The law judge, however, need only include in the hypothetical those limitations which he accepts and which are supported by the record.  Graham v. Bowen, 790 F.2d 1572, 1576 (11th Cir. 1986).  Here,

the law judge appeared to do that, except for any functional limitations arising from the side effects of the plaintiff's medication.  On remand, the law judge can appropriately modify the hypothetical question if there are any additional functional limitations due to medication.

C.  The plaintiff argues that the law judge erred in disregarding the opinions of her treating physicians, Dr. Greenfield and Dr. Steven N. Kanakis (Doc. 12, p. 7).  Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

With respect to Dr. Greenfield, the plaintiff asserts that the law judge did not accept either that doctor's opinion that her diabetes is uncontrolled or his opinion in the Diabetes Mellitus Residual Functional Questionnaire that indicated that the plaintiff could not work (Doc. 12, p. 7). The plaintiff's argument is baseless.

The law judge evaluated the plaintiff's diabetes and noted that it has been uncontrolled at times (Tr. 30).  However, he set forth reasons explaining why he discounted the plaintiff's claim of total disability due to diabetes (id.).  Similarly, he adequately discounted the conclusory opinions set forth in Dr. Greenfield's Diabetes Mellitus Residual Functional Questionnaire (Tr. 31).

The plaintiff also contends that the law judge erred in disregarding the opinion of Dr. Kanakis, a consulting psychologist.  In the first place, contrary to the plaintiff's assertion, Dr. Kanakis is not a treating physician (Doc. 12, p. 7).  Moreover, the law judge adequately explained his reasons for discounting Dr. Kanakis's opinion (Tr. 29).

D.   The plaintiff contends that the law judge improperly disregarded her complaints of pain (Doc. 12, pp. 9-10).  The plaintiff, without providing citation to the record, asserts that "[m]edical documentation and the [plaintiff's] testimony substantiate that the [plaintiff] meets the three[-]part pain standard" (id. at p. 9).  The plaintiff was cautioned that any challenges had to be supported with citations to the record (Doc. 11, p. 2, ¶1).  Therefore, the plaintiff's argument is deemed waived due to insufficient development (id.).  Nevertheless, it is appropriate to add that the law judge provided

adequate reasons for discounting the plaintiff's subjective complaints except for the matter of her medications' side effects (Tr. 30).

E.   The plaintiff argues that the law judge failed to evaluate whether she met Listing 9.08 for diabetic neuropathy and Listing 12.04 for affective disorders (Doc. 12, p. 11).   The conditions set forth in Appendix 1 constitute very severe impairments so that, if the plaintiff does meet, or equal, a listing in Appendix 1, she would be deemed disabled without consideration of any vocational factors.  See 20 C.F.R. 404.1520(d), 416.920(d).

The plaintiff bears the burden of showing that she meets, or equals, a listing.  See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Moreover, "when a claimant contends that [s]he has an impairment meeting the listed impairments entitling h[er] to an adjudication of disability under regulation 404.1520(d) [or 416.920(d)], [s]he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative [s]he contends that [s]he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency."  Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986).

In this case, the plaintiff does not provide any citations to the record to support her argument (<u>see</u> Doc. 12, p. 11).  Consequently, the plaintiff has failed to show that she meets, or equals, a listing.

F.  In her final argument, the plaintiff asserts that the law judge erred with regard to the plaintiff's mental condition in giving substantial weight to the opinions of the state agency doctors instead of to the opinion of the treating physician, Dr. Kanakis (<u>id</u>.).  This argument is meritless.  As previously explained, Dr. Kanakis is not a treating physician, as he only saw the plaintiff one time.  Further, the law judge stated that he gave the least weight to the opinions of the state agency doctors (Tr. 31).

IV.

For the foregoing reasons, the decision of the Commissioner fails to evaluate the plaintiff's claim of side effects from her medication. Therefore, the Commissioner's decision is hereby REVERSED, and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this <u>16th</u> day of March, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE